**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AUNG KO-KO-SHAUNG, a.k.a. Ong Ko-Ko, | No. 08-70624 |
| Petitioner, | Agency No. A099-631-423 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 7, 2013
Pasadena, California

Before:    W. FLETCHER and RAWLINSON, Circuit Judges, and KORMAN,
Senior District Judge.[**]

Petitioner Ong Ko Ko is an ordained Buddhist monk and national of

Myanmar, formerly known as Burma.  According to his written application and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

oral testimony, he has been repeatedly imprisoned and tortured by the government for his membership in the National League for Democracy, a political organization opposed to the regime in power. Ko Ko stated that in 2006, fearing for his life, he fled to Thailand and then to Singapore. After several months, he was able to travel to Mexico and then across the border to the United States where he immediately sought asylum. At Ko Ko's removal hearing, despite noting that Ko Ko's testimony tracked his written statement and was quite detailed, the IJ found Ko Ko not credible. IJ ordered Ko Ko removed to Myanmar. The BIA affirmed in a brief opinion.

We review the BIA's decision that Ko Ko has failed to meet his burden of proof for asylum, withholding of removal, or relief under CAT for substantial evidence. *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010); *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010); *Bellout v. Ashcroft*, 363 F.3d 975, 979 (9th Cir. 2004), *superseded by statute on other grounds as stated in Khan v. Holder*, 584 F.3d 773 (9th Cir.2009). We review the IJ's findings of fact, including credibility determinations, for substantial evidence. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011).

Where, as here, the BIA's opinion suggests that it did not conduct an independent review of the record, we look to the "IJ's oral decision as a guide to

2

what lay behind the BIA's conclusion." *Shrestha*, 590 F.3d at 1039, *quoting*

*Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2006).

Because Ko Ko filed for asylum after May 11, 2005, the REAL-ID Act

governs his case. *See Srestha*, 590 F.3d at 1039. Under the REAL ID Act, the IJ

may consider inconsistencies and omissions that do not go to the heart of the

applicant's claim. 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ, however, may only base a

credibility determination on "relevant factor[s] that, considered in light of the

totality of the circumstances, can reasonably be said to have a 'bearing on a

petitioner's veracity.'" *Ren*, 648 F.3d at 1084 (quoting *Shrestha*, 590 F.3d at

1044).

Both the IJ and the BIA relied primarily on an alleged misstatement at Ko

Ko's bond-hearing to find Ko Ko not credible. Though the bond hearing was not

reported and there were no contemporaneous notes of the hearing taken, the IJ

believed that Ko Ko had stated at the hearing that he left Myanmar in 1996, rather

than 2006.

After the IJ's and BIA's decisions were filed, we decided *Joseph v. Holder*,

600 F.3d 1235 (9th Cir. 2010). In *Joseph*, we granted the petition and remanded

where an IJ relied on an alleged misstatement made at a bond hearing because,

inter alia, the bond hearing was not recorded and thus lacked the procedural

3

safeguards of a removal hearing. *Id.* at 1240-43. Although *Joseph* is a pre-REAL ID case, it is pertinent authority in determining the weight and relevance of factors the IJ may consider in post-REAL ID cases. *See* 590 F.3d at 1040. As noted above, in post-REAL ID cases, an IJ only may consider *relevant* factors in making a credibility determination. *See Ren*, 648 F.3d at 1084.

As a result of this intervening precedent, we remand to the BIA for reconsideration in light of *Joseph v. Holder*, 600 F.3d 1235 (9th Cir. 2010).

**Petition GRANTED and REMANDED**.

*Ko-Ko Shaung v. Holder*, No. 08-70624
**Rawlinson, Circuit Judge, concurring:**

I concur in the remand for the sole purpose of allowing the agency to consider the effect, if any, of our intervening decision in *Joseph v. Holder*, 600 F.3d 1235 (9th Cir. 2010).